JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Artur Zawada

## DEFENDANTS
Jake Croman

**(b)** County of Residence of First Listed Plaintiff   Washtenaw
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Jinan M. Hamood
214 N. Fourth Ave., 2nd Floor,
Ann Arbor, MI 48104   (734)355-5666

Attorneys *(If Known)*
Potter, DeAgostino, O'Dea & Patterson
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326   (248)377-1700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☒ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Defamation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 25,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
October 10, 2016

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.         Is this a case that has been previously dismissed?       ☐ Yes
        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.         Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)       ☐ Yes
      ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTUR ZAWADA,

                Plaintiff,                            Civil Action No.

vs

JAKE CROMAN,

                Defendant.

| LAW OFFICE OF JINAN M. HAMOOD | POTTER, DeAGOSTINO, O'DEA & PATTERSON |
|---|---|
| JINAN M. HAMOOD (P77315) | STEVEN M. POTTER (P33344) |
| Attorney for Plaintiff | RICK J. PATTERSON (P55706) |
| 214 N. Fourth Ave., 2nd Floor | ROBERT C. CLARK (P76359) |
| Ann Arbor, MI 48104 | Attorneys for Defendant |
| (734) 355-5666 | 2701 Cambridge Court, Ste. 223 |
| hamoodjm@gmail.com | Auburn Hills, MI 48326 |
| | (248)377-1700 / Fax (248)377-0051 |

## NOTICE OF REMOVAL

Defendant, JAKE CROMAN, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal, removing Case No. 16-737-CZ from the Washtenaw County Circuit Court for the State of Michigan to the United States District Court for the Eastern District of Michigan, the judicial district in which this action is pending. The grounds for removal of this action are as follows:

### FILING OF ORIGINAL PETITION & RECEIPT BY DEFENDANT

1.      On August 5, 2016, Plaintiff ARTUR ZAWADA, ("Plaintiff") filed his Complaint for damages against Defendant in the Circuit Court for the County of

POTTER, DeAGOSTINO, O'DEA & PATTERSON

Washtenaw, State of Michigan, styled *Artur Zawada vs Jake Croman.*, Case No. 16-737-CZ. Plaintiff's Complaint was served upon Defendant's counsel on September 23, 2016. Plaintiff's Complaint asserts various claims and causes of action against the Defendant for: 1) Defamation, 2) Intentional Infliction of Emotional Distress, 3) Tortious Interference with Business Relationship and Expectancy, and 4) Negligence.

2.     Plaintiff's Complaint does not specifically allege the amount of damages sought. However, Plaintiff's Complaint asserts that Defendant verbally assaulted Plaintiff on multiple occasions. Plaintiff also alleges that Defendant threw snowballs at the windshield of Plaintiff's vehicle. As a result of these incidents, Plaintiff claims he sustained property damage to his vehicle and his employer eventually terminated his employment. (Plaintiff's Complaint, ¶¶ 21, 39). Plaintiff's Complaint seeks damages for 1) financial loss (including loss of income expectancy), 2) damage to his reputation in the community, and 3) emotional distress. (Plaintiff's Complaint ¶ 66).

## DIVERSITY JURISDICTION

### *Citizenship*

3.     The United States District Court for the Eastern District of Michigan, Southern Division has original jurisdiction over this action because this civil action involves a matter in controversy exceeding the sum or value of $75,000.00 (as discussed in greater detail below) and complete diversity of citizenship between the

2

parties, in that, each Defendant is now, and was at the time the action was commenced a citizen of a different state than the Plaintiff.

4.     Plaintiff is a resident of Ann Arbor, Michigan and thus a citizen of the State of Michigan (Complaint ¶ 1).

5.     Defendant is a resident of New York and thus a citizen of the State of New York (Exhibit A, Affidavit of Jake Croman).

*Amount in Controversy*

6.     Diversity jurisdiction is also dependent on the amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). First, in correspondence sent to Defendant prior to filing the instant action, Plaintiff's counsel indicated that Plaintiff is seeking $150,000.00 from Defendant. Further, Plaintiff's Complaint alleges that Defendant verbally assaulted Plaintiff on multiple occasions. Plaintiff's Complaint asserts that as a result of the incidents involving Defendant, he sustained property damage to his vehicle and his employer terminated his employment. (Plaintiff's Complaint, ¶¶ 21, 39). Plaintiff's Complaint seeks damages for 1) financial loss (including loss of income expectancy), 2) damage to his reputation in the community, and 3) emotional distress. (Plaintiff's Complaint ¶ 66). Consistent with Michigan practice, the Complaint does not demand a specific sum. However, under such a circumstance, 28 U.S.C. § 1446(c)(2)(A)(ii) permits the

3

notice of removal to assert the amount in controversy.

Plaintiff's allegations and pre-suit correspondence regarding the amount of damages are sufficient to identify claims that assert an amount in controversy above the statutory minimum. The amount in controversy is established under 28 U.S.C. § 1446(c)(2)(B) when the District Court finds, by a preponderance of evidence, that the amount in controversy exceeds the amount specified in section 1332(a). The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co, LLC, v Owens*, 135 S Ct 547, 554 (2014). Moreover, "evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.*

Applying the foregoing to this civil action reveals that removal is proper because a fair reading of Plaintiff's Complaint, his pre-suit correspondence and the types of damages asserted reveals that Plaintiff is seeking damages greater than $75,000.00. As stated above, Plaintiff's pre-suit demand was $150,000.00. Moreover Plaintiff is seeking damages related to allegedly being defamed and economic damages related to his alleged loss of employment. Consequently, Defendant has provided a "plausible allegation" that the amount in controversy exceeds the jurisdiction threshold. *Dart Cherokee Basin Operating Co, LLC, supra.*

4

Accordingly, because this civil action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1).

**PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE**

7.  Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

8.  Defendant will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendant will promptly file a copy of this Notice of Removal with the Clerk of Washtenaw County Circuit Court, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

9.  A true and correct copy of all process, pleadings, and the orders served upon Defendant in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto. (Exhibit B)

10.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of a document which establishes diversity in this case and within one (1) year from the commencement of this civil action.

5

WHEREFORE, Defendant, JAKE CROMAN, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § § 1332, 1441 and 1446, removes the civil action styled *Artur Zawada vs Jake Croman.*, Case No. 16-737-CZ from the Washtenaw County Circuit Court, on this 10th day of October 2016.

/s/ ROBERT C. CLARK (P76359)
POTTER, DeAGOSTINO, O'DEA & PATTERSON
Attorneys for Defendant
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rclark@potterlaw.com

Dated: October 10, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2016, I electronically filed the foregoing with the Clerk of the Court using the e-filing system, which will send notification of such filing electronically to all participating attorneys, and to Jinan M. Hamood, 214 N. 4th Ave., 2nd Floor, Ann Arbor MI 48104, and the Washtenaw County Circuit Court, 101 E. Huron St., P.O. Box 8645, Ann Arbor, MI 48107-8645, by first class U.S. Mail.

/s/ ROBERT C. CLARK (P76359)
Attorneys for Defendant
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rclark@potterlaw.com

7

# EXHIBIT A

STATE OF MICHIGAN       )
                              ) SS:

COUNTY OF OAKLAND     )

## <u>AFFIDAVIT OF JAKE CROMAN</u>

Jake Croman, being first duly sworn, deposes and states:

1.      That this Affidavit is made of my own personal knowledge and that if I am sworn to testify, I can give competent testimony of my own personal knowledge in support of each paragraph of this Affidavit.

2.      I am currently a resident of New York and my residential mailing address is 7 East 75th St., New York, NY 10022,

Further, Affiant sayeth not.

_____
Jake Croman

On this 10th day of October 2016, before me personally appeared Jake Croman, who being by me duly sworn, deposes and says that he has read the foregoing Affidavit by him subscribed, and knows the contents thereof, and that the same is true of his own knowledge.

_____
Notary Public
County of _____, State of Michigan
My Commission Expires: _____

LISA A. BERARD
Notary Public, State of Michigan
County of Oakland
My Commission Expires Feb. 14, 2019
Acting in the County of OAKLAND

EXHIBIT B

| STATE OF MICHIGAN | | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|---|
| | JUDICIAL DISTRICT | | 16-737 - CZ |
| 22nd | JUDICIAL CIRCUIT | | |
| | COUNTY PROBATE | | |

**Court address**
101 E. Huron Street, Ann Arbor, MI 48107

Timothy P Connors

**Court telephone no.**
(734) 222-3270

| Plaintiff's name(s), address(es), and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Artur Zawada<br>3449 Burbank Drive<br>Ann Arbor, MI 48105 | | Jake Croman<br>640 Oxford Road<br>Ann Arbor, MI 48104 |

| Plaintiff's attorney, bar no., address, and telephone no. | |
|---|---|
| Jinan M. Hamood (P77315)<br>214 N. 4th Ave., 2nd Floor<br>Ann Arbor, MI 48104<br>(734) 355-5666 | Steven Potter (P33344)<br>Potter, DeAgostino, O'Dea and Patterson<br>Attorneys for Defendant<br>2701 Cambridge Ct. #223<br>Auburn Hills, MI 48326<br>(248) 377-1700 |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires NOV 0 4 2016 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>City of Ann Arbor, County of Washtenaw | Defendant(s) residence (include city, township, or village)<br>City of Ann Arbor, County of Washtenaw |
|---|---|
| Place where action arose or business conducted<br>City of Ann Arbor, County of Washtenaw | |

08.05.2016
**Date**                              Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

STATE OF MICHIGAN
IN THE WASHTENAW COUNTY CIRCUIT COURT

ARTUR ZAWADA

           Plaintiffs,

V

JAKE CROMAN

           Defendants.

File No: 16-737 - CZ

Hon:

Timothy P Connors

Jinan M. Hamood (P77315)
Law Office of Jinan M. Hamood
Attorney for the Plaintiff
214 N. Fourth Ave, 2nd Floor
Ann Arbor, MI 48104
(734) 355-5666
hamoodjm@gmail.com

RECEIVED
AUG 05 2016
Washtenaw County
Clerk/Register

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## COMPLAINT

NOW COMES Plaintiff, ARTUR ZAWADA, by and through his attorney, Jinan M. Hamood, and in his Complaint against Defendant, JAKE CROMAN, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, ARTUR ZAWADA, is an individual residing in the City of Ann Arbor, County of Washtenaw, State of Michigan.

2.     Defendant, JAKE CROMAN is an individual residing in the City of Ann Arbor, County of Washtenaw, State of Michigan.

1

3. The instant cause of action arises from a series of altercations perpetuated by Defendant against Plaintiff within the City of Ann-Arbor, County of Washtenaw, State of Michigan.

4. Plaintiff seeks recovery for damages in excess of $25,000.

5. Jurisdiction and venue in this Court are proper.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference, Paragraphs 1 – 5 and all of the allegations contained in the other counts in this Complaint.

7. Up until May 22, 2016, Plaintiff had been gainfully employed by Uber Technologies Inc. -- an American multinational online transportation network company (hereafter referred to as Uber).

8. Plaintiff operated as a driver for Uber primarily within the City of Ann Arbor.

9. Customers seeking an Uber driver can use the Uber application downloaded to their cell phone to request transportation to and from locations throughout the City of Ann Arbor.

10. The application provides the customer with a visual of the number of Uber drivers available in his/her area, the approximate arrival time of the nearest driver to his/her location, and once a ride-request is submitted, provides the customer with the name of the driver, a picture of the driver, and the driver's car make/model and color.

11. Drivers, such as Plaintiff, receive notification of the request, which includes the customer's first name, a generic phone number, and pick-up location. Drivers can then full-fill the request by proceeding to the pick-up location to transport the passenger(s).

12. On November 11, 2015, Plaintiff received a request from Defendant for passenger pick-up near Liberty Street and Fourth Avenue.

13. Upon arriving at the pick-up location, Plaintiff observed that the purported passengers, Defendant included, were heavily intoxicated, and as each passenger entered his vehicle, Plaintiff smelled an odor of marijuana exuding from their persons.

14. During this trip, Defendant sat in the front passenger seat of Plaintiff's vehicle and began complaining to Plaintiff about the lack of an additional USB cord for Defendant to use to connect his phone to the vehicle radio system, and then blasted the radio at the highest volume.

15. Defendant was offensively belligerent and when Plaintiff asked Defendant to turn the radio volume down, Defendant became even more offensive.

16. Due to Defendant's conduct, Plaintiff pulled over at a safe location and politely asked all passengers, Defendant included, to exit his vehicle.

17. All other passengers followed Plaintiff's instructions, but Defendant remained in the front seat shouting profanities at Plaintiff, threatening that through Defendant's "connections" he would have Plaintiff deported, specifically calling him a "stupid foreigner," and then exited the vehicle slamming Plaintiff's car door shut behind him.

18. On January 9, 2015, Plaintiff received an Uber ride request for a passenger pick-up at 1331 Hill Street, Ann Arbor, MI.

19. Upon arriving at the pick-up location, Plaintiff observed that the ride request required he transport more than the legally permitted number of passengers and he informed the passengers that he could not drive with more than four (4) passengers in his vehicle.

3

20. After some protest, and an attempt to bribe Plaintiff to transport the additional passenger, the additional passenger agreed to stay behind.

21. Plaintiff traveled west on Hill Street towards State and then turn right on State Street, when Defendant appeared and ran towards Plaintiff's vehicle maliciously whipping ice-packed snowballs at Plaintiff's windshield while Plaintiff was driving. Defendant cracked Plaintiff's windshield with one of his snowballs.

22. On March 9, 2016, Plaintiff received an Uber ride request for a passenger pick-up on Washington Street near Babo Market in Ann Arbor.

23. Plaintiff arrived at the pick-up destination and as the passengers entered his vehicle, Defendant emerged from the group and sat in the front seat next to Plaintiff.

24. Plaintiff immediately asked that all passengers exit the vehicle hoping to avoid another offensive and demeaning encounter with Defendant.

25. Plaintiff felt extremely uncomfortable and fearful of Defendant and informed Defendant that Plaintiff had reported Defendant's past conduct to Uber and requested that Uber ban Defendant from Plaintiff's list of riders.

26. Defendant had bypassed the ban by requesting Uber transport through a third party's phone application and seeking out Plaintiff as the driver.

27. Defendant, in his typical fashion, screamed threats and insults at Plaintiff prior to exiting Plaintiff's vehicle. Plaintiff advised Defendant that should he encounter Defendant in the future, he would be recording Defendant's conduct.

28. On March 20, 2016, Plaintiff received an Uber ride request for passenger pick-up from Washington Street near Zola Bistro.

4

29. Upon arriving at this pick-up destination, Plaintiff observed Defendant standing amongst a group of younger males.

30. Plaintiff did not feel safe full-filling the Uber ride request and before he could leave the pick-up location, Defendant and the other young males approached his vehicle and began shouting at Plaintiff, insulting him and calling him names.

31. Plaintiff, as he had previously informed Defendant, began to record Defendant's conduct for verification purposes with Uber.

32. In this recording, Defendant can be seen shouting the following remarks:

"Ooooh, I see you, canceling us again, why for what?! They don't give a s**t about you! They don't give two f**s! There's fifty (50) of you, and there is one of me here! Who spends the most money, you little f**k?! F**k you Artur, you little f**g*t f**k! You wanna kick me off? Kick me off, you little piece of s**t! You're an Uber driver! Go f**king drive, you little f**k! Minimum wage f**g*t! Go f**k yourself."

33. As Defendant walked away, he continued to shout:

"You're working all night! Guess what?! I'm going to sit on my ass and watch TV! F**k you!"

34. Plaintiff's video eventually went viral and as more viewers observed Defendant's conduct, various University of Michigan student and administrative representatives contacted Plaintiff to apologize for Defendant's egregious and malicious conduct.

35. An unknown Michigan student assembled a website in defense of Plaintiff denouncing Defendant's outrageously inappropriate and offensive conduct.

36. Rather than apologize to Plaintiff, Defendant released false statements to various publications, third parties, and Uber, in which Defendant accused Plaintiff of being racist, anti-Semitic, and discriminatory towards Defendant because of Defendant's

5

faith/religious background, despite the fact that Plaintiff had no previous knowledge of Defendant's faith/religious background.

37. Defendant even created a fake "YouTube" profile alleging he was another University of Michigan student who had the same complaints of Plaintiff, specifically citing a personal incident that occurred during an Uber ride with Plaintiff. Plaintiff's driver logs report no such incident, and this purported University of Michigan Student does not exist.

38. Defendants' false and derogatory statements were published in many news forums, from MLive, to the Washington Post, to the New York Daily News.

39. As a result of these statements, Uber immediately suspended Plaintiff's employment and eventually terminated Plaintiff.

40. Plaintiff has been unemployed since that time.

41. As a result of Defendant's harassment and abusive and unlawful conduct, Plaintiff has incurred substantial harm, which includes but is not limited to, financial losses, loss of income expectancy, damage to his reputation in the community, interference with his employment relations, emotional distress, anxiety, trouble sleeping, and a fear/feeling of public shaming.

42. Plaintiff brings this action against Defendant to seek redress for his harm.

## COUNT I - DEFAMATION

43. Plaintiff incorporates by reference Paragraphs 1 – 42 and all of the allegations contained in the other counts in this Complaint.

44. Defendant's accusations that Plaintiff was racist, anti-Semitic, and discriminatory towards Defendant because of Defendant's faith/religious background are false.

45. Defendant made these remarks to various third parties and published these remarks with knowledge of the falsity of his statements or in reckless disregard of their truth or falsity to justify his offensive and egregious misconduct towards Plaintiff.

46. Defendant's communication with these various third parties was not privileged.

47. The publication bearing Defendant's false remarks was not privileged.

48. The publication of these remarks has resulted in substantial harm to Plaintiff, which includes but is not limited to, financial losses, loss of income expectancy, damage to his reputation in the community, interference with his employment relations, emotional distress, anxiety, trouble sleeping, and a fear/feeling of public shaming.

49. Defendant's false remarks and malicious and reckless accusations were defamation per se and Defendant will not retract his statements.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in his favor and against Defendant for damages in an amount in excess of $25,000 that is sufficient to compensate Plaintiff for his actual, consequential, and incidental losses, including lost profits, sustained as a result of Defendant's wrongful actions, plus interest, costs, and reasonable attorney fees;

B. Order Defendant retract his false accusations; and

C. Grant Plaintiff any other relief this Court deems to be just and equitable.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff incorporates by reference Paragraphs 1 – 49 and all of the allegations contained in the other counts in this Complaint.

51. Defendant's conduct as outlined above was intentional.

7

52.     Defendant's conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society, and this is clearly supported by the community and nation-wide reaction to the video of Defendant's conduct.

53.     Defendant's conduct as outlined above was specifically intended to ridicule and humiliate Plaintiff.

54.     Defendant's conduct resulted in Plaintiff's severe and serious emotional distress.

55.     As a direct and proximate result of Defendant's conduct, Plaintiff has incurred substantial harm, which includes but is not limited to, financial losses, loss of income expectancy, damage to his reputation in the community, interference with his employment relations, emotional distress, anxiety, trouble sleeping, and a fear/feeling of public shaming.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

D.      Enter judgment in his favor and against Defendant for compensatory damages in an amount in excess of $25,000 that is sufficient to compensate Plaintiff for his actual, consequential, and incidental losses, including lost profits, sustained as a result of Defendant's wrongful actions, plus interest, costs, and reasonable attorney fees;

E.      Order Defendant retract his false accusations; and

F.      Grant Plaintiff any other relief this Court deems to be just and equitable.

## COUNT III – TORTIOUS INTERFERENCE W/BUSINESS RELATIONSHIP AND EXPECTANCY

56.     Plaintiff incorporates by reference Paragraphs 1 – 55 and all of the allegations contained in the other counts in this Complaint.

57.     As provided above, Defendant used his socio-economic status and "connections" in

8

repeatedly threatening to harm Plaintiff, to have him deported, and cause him financial harm.

58. Defendant reported his false and malicious accusations of Plaintiff's alleged discrimination of Defendant to Uber, with the intent for Uber to terminate Plaintiff's employment.

59. Plaintiff's business relationship and expectancy with Uber had a reasonable likelihood of future economic benefit for Plaintiff.

60. Defendant knew of Plaintiff's business relationship and expectancy between Uber and Plaintiff.

61. By his conduct as described above, Defendant intentionally and improperly interfered with the contract and business relationship and expectancies between Plaintiff and Uber.

62. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has incurred substantial harm, which includes but is not limited to, financial losses, loss of income expectancy, damage to his reputation in the community, interference with his employment relations, emotional distress, anxiety, trouble sleeping, and a fear/feeling of public shaming.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

G. Enter judgment in his favor and against Defendant for compensatory damages in an amount in excess of $25,000 that is sufficient to compensate Plaintiff for his actual, consequential, and incidental losses, including lost profits, sustained as a result of Defendant's wrongful actions, plus interest, costs, and reasonable attorney fees;

9

H.     Order Defendant retract his false accusations; and

I.     Grant Plaintiff any other relief this Court deems to be just and equitable.

## COUNT IV - NEGLIGENCE

63.    Plaintiff incorporates by reference Paragraphs 1 – 63 and all of the allegations contained in the other counts in this Complaint.

64.    Defendant, as a client of Plaintiff, and a member of society, owed Plaintiff a duty to act in such a way as to respect Plaintiff, Plaintiff's well-being, and Plaintiff's personal property.

65.    By his conduct as described above, Defendant breached this duty.

66.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has incurred substantial harm, which includes but is not limited to, financial losses, loss of income expectancy, damage to his reputation in the community, interference with his employment relations, emotional distress, anxiety, trouble sleeping, and a fear/feeling of public shaming.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

J.     Enter judgment in his favor and against Defendant for compensatory damages in an amount in excess of $25,000 that is sufficient to compensate Plaintiff for his actual, consequential, and incidental losses, including lost profits, sustained as a result of Defendant's wrongful actions, plus interest, costs, and reasonable attorney fees;

K.     Order Defendant retract his false accusations; and

L.     Grant Plaintiff any other relief this Court deems to be just and equitable.

10

I DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

Dated: August 5, 2016

Artur Zawada
Plaintiff

AS TO FORM:

Dated: August 5, 2016

Jinan M. Hamood (P77315)
Attorney for Plaintiff
214 N. 4th Ave., 2nd Floor
Ann Arbor, MI 48104
734.355.5666

11

STATE OF MICHIGAN
IN THE WASHTENAW COUNTY CIRCUIT COURT

ARTUR ZAWADA

           Plaintiffs,

V                                    File No:

JAKE CROMAN                    Hon:

           Defendants.
_____/
Jinan M. Hamood (P77315)
Law Office of Jinan M. Hamood
Attorney for the Plaintiff
214 N. Fourth Ave, 2nd Floor
Ann Arbor, MI 48104
(734) 355-5666
hamoodjm@gmail.com
_____/

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues so triable herein.

Dated: August 5, 2016

Jinan M. Hamood (P77315)
Attorney for Plaintiff
214 N. 4th Ave., 2nd Floor
Ann Arbor, MI 48104
734.355.5666

12