UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTUR ZAWADA
*(an individual)*

        Plaintiff,

V                                                                           Case No: 16- cv-13606

JAKE CROMAN                                               Honorable Victoria A. Roberts
(an individual)

        Defendant.

_____/

| | |
|---|---|
| Jinan M. Hamood (P77315) | Steven M. Potter (P33344) |
| Law Office of Jinan M. Hamood | Rick J. Patterson (P55706) |
| Attorney for Plaintiff | Robert C. Clark (P76359) |
| 214 N. Fourth Ave, 2nd Floor | Potter, DeAgostino, O'Dea & Patterson |
| Ann Arbor, MI 48104 | Attorneys for Defendant |
| (734) 355-5666 | 2701 Cambridge Court, Ste. 223 |
| hamoodjm@gmail.com | Auburn Hills, MI 48326 |
| | rclark@potterlaw.com |

_____/

## STIPULATED PROTECTIVE ORDER

Now Come Plaintiff, ARTUR ZAWADA, ("Plaintiff"), and Defendant, JAKE CROMAN,

("Defendants") (collectively referred to as "The Parties"), by and through their undersigned

counsel, and for their Stipulated Protective Order state as follows:

**WHEREAS**, discovery in this action involves or will involve the disclosure of

confidential, private, proprietary business information (including information from nonparties);

and

**WHEREAS**, it is stipulated and agreed between the parties to this action through their

respective counsel, that a Protective Order should be entered in the above-captioned case;

**IT IS HEREBY ORDERED** that:

1.      The Parties agree that all information, data, and documents produced by and on behalf of Defendants or nonparties and all deposition testimony regarding trade secrets and/or confidential, private, financial, business information and/or documents of Defendants or nonparties including, but not limited to, matters associated with any and all personnel files, payroll records, products, trade secrets, proprietary information, job duties, job procedures, insurance policies, compensation plans, policies, procedures, disciplinary methods, employees' identities, performance evaluations, and financial records, shall not be shown, discussed or otherwise divulged to anyone, unless and until the notice and confidentiality requirements specified in the following paragraphs have been fulfilled.  All documents described above that are protected by this Agreement shall be marked "Confidential" prior to being produced. In the case of electronically stored information, a party or nonparty producing protected information in an electronically-stored format shall stamp or otherwise affix a label or sticker to the physical medium by which the information is transmitted (e.g. computer disk, CD Rom, etc.) stating "Confidential."  If the party to whom such electronically stored information is produced shall create any readable report or output from such confidential data, that party shall prominently label each page of such output report as "Confidential."  Social security numbers of individuals that are not a party to this lawsuit will be redacted prior to exchange.

2.      The information and documents described in paragraph 1, in addition to any other similar information or documents containing trade secrets, confidential information, and/or any of the information listed above in paragraph 1, which may be produced or disclosed in response to court order, discovery requests, including written documents

and/or testimony in depositions, subpoenas, or voluntary disclosure, shall be subject to the following restrictions:

a.      The protected information and documents shall not be used for any purposes other than this litigation and under no circumstances shall the protected information or documents be used for any commercial, business, competitive or other purposes whatsoever.

b.      None of the protected information or documents shall be given, shown, made available or communicated in any way to anyone other than The Parties, paralegals and/or clerical staff of The Parties' attorneys/law firms, witnesses (expert and fact), the Court and jury in the course of judicial proceedings in this case, and to any other person if necessary and essential to aid in the preparation of this case.

c.      It is the responsibility of The Parties to maintain all of the protected information and documents in a secure and appropriate manner so as to allow access to any of the protected information and documents only to persons permitted by this Protective Order.

d.      None of the protected information may be contained in or attached to any materials intended to be filed with the Court without advance notice being given to counsel for the party, nonparty or entity responsible for producing the information.  Upon receipt of such notice, counsel for the party, nonparty or entity may seek an Order from the Court directing that the protected information be filed under seal.  This applies to submitting any of these documents or pleadings referring to such information for any purpose, including, but not limited to, dispositive motions, discovery motions, and

evidentiary matters. No one, other than the Court, its agents and employees and other persons authorized by this Order shall have access to such sealed materials.

e.     Each person to whom any of The Parties directly gives, shows, makes available to or communicates any protected information and documents, with the exception of The Parties' current or former agents or employees, shall agree in writing to be bound by the terms of this Order and shall execute the Confidentiality Agreement attached as Appendix "A". This provision does not apply to all potential recipients of protected information and documents but only to those individuals to whom a party directly provides information and documents.

f.     Without the necessity of filing a motion under Section 2.d of this Protective Order, contents of the documents may be disclosed to witnesses at a deposition, who agree to be subject to the provisions of this Order, at which time counsel introducing the documents shall indicate on the record that the testimony is confidential and subject to the provisions of this Order. To the extent a witness does not agree to be bound to the provisions of this Order, said witness shall not be furnished with a copy of the documents even if marked as a deposition exhibit. Disclosure of such confidential information to the deponent hereunder is not intended to abrogate or otherwise affect any pre-existing obligations such person may have regarding the confidentiality of such information. Portions of deposition transcripts containing testimony that has been designated confidential shall be marked "CONFIDENTIAL" and shall be subject to the provisions of this Order. Use of Confidential Documents at trial shall be determined at the time of the trial of this case, but if a Party intends to use protected information produced by a nonparty at trial, they must provide advance notice to counsel for the nonparty responsible for

4

producing the information.  Upon receipt of such notice, counsel for the nonparty may seek an Order from the Court restricting the potential public disclosure of such information.

g.        In any proceeding initiated by either Plaintiffs or Defendants to gain relief from a violation of this Order, the Confidentiality Agreement file and its contents will be made available to the Court and the Parties.

h.        The provisions of this Order shall survive and remain in full force and effect after the conclusion of this matter, including any appellate proceedings in this case, whether by settlement or adjudication.

i.        The agreement of The Parties stipulated in this Order does not constitute an admission or agreement that any protected information or document is subject to discovery, or is admissible as evidence, in this case.  Designation of any protected information and documents to be subject to this Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of Defendants.

j.        All protected information shall be returned as follows:

i)        Within sixty (60) days of the conclusion of the Litigation, all protected information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the producing party or non-party.  In the alternative, within sixty (60) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the producing party or producing non-party, in writing, that all such protected information, including any and all copies, abstracts,

5

summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

ii)     If protected information is furnished to outside experts or consultants pursuant to paragraph 2(b), the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such protected information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and so certifying in writing as provided in sub-part (i) above.

iii)     If protected information has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such protected information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

iv)     Counsel of record for the parties may retain copies of any part of the protected information produced by others that has become part of the official record of this litigation as well as abstracts or summaries of materials that reference protected information that contain counsel's mental impressions or opinions.  Such copies shall remain subject to the terms of this Protective Order.

1.     This Order is without prejudice to the right of any party to seek modification of this Order from the Court with respect to any specific protected information or document.  The Court shall retain jurisdiction, both before and after the

6

entry of the final disposition in this case, whether by settlement or adjudication, to construe, enforce and amend the provisions of this Order.

2.      The Parties represent, agree and understand that any intentional violation of this Protective Order or the Confidentiality Agreement shall be considered an act of civil contempt of court and shall be remedied accordingly.  The contempt remedies shall also apply to any person who signs Exhibit "A."

3.      The Court may modify this Order upon prior notice to The Parties and any nonparty that has produced information thereunder, and adequate cause.  Further, The Parties' "protected" designation is preliminary and does not constitute a judicial determination that any particular document so designated is, in fact, protected from disclosure in the event of a challenge.

4.      A non-party and/or producing third-party to this action may seek permission to intervene for the purpose of challenging the terms or operation of this Order.

IT IS SO ORDERED.

**/s/ Victoria A. Roberts**
                    DISTRICT COURT JUDGE

AGREED TO THIS 14th DAY OF AUGUST, 2017:

/s/ Jinan M. Hamood (P77315)
Attorney for Plaintiff

/s/ Robert C. Clark (P76359)
Attorney for Defendant

EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTUR ZAWADA
*(an individual)*

        Plaintiff,

V                                      Case No: 16- cv-13606

JAKE CROMAN                    Honorable Victoria A. Roberts
(an individual)

        Defendant.

_____/

## **DECLARATION AND AGREEMENT TO BE BOUND BY**

## **THE PROTECTIVE ORDER**

1.    My    name    is    _____.

I live at _____.

I am employed as _____ (state

position)    by    _____

(state name and address of employer).

      2.      I am aware that a Protective Order has been entered in the above case by

the Court, and a copy thereof has been given to me. I have read and understand the terms

of the Protective Order. I agree to be bound by the terms of the Protective Order.

      3.      I promise that the documents and information designated as "Confidential"

pursuant to the Protective Order in this case will be used by me <u>only</u> in connection with the

litigation of the above captioned matter.

4. I understand that any use or disclosure of information obtained by me from material marked "Confidential" in any manner contrary to the provisions of the Protective Order will subject me to sanctions for contempt by this Court.

5. I agree to submit myself to the personal jurisdiction of the above-captioned Court in connection with any proceedings concerning the Protective Order.


_____
_____
(Signature of Declarant)


SUBSCRIBED AND SWORN to before me this _____ day of

_____, _____.


_____

9